IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **HARK'N TECHNOLOGIES, LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GREATER PERFORMANCE, INC.,**<br><br>**Defendant.** | **ORDER**<br><br>Case No. 1:06CV77DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion to Dismiss Counterclaim, to Strike Affirmative Defenses, and Alternate Motion for a More Definite Statement and Defendant's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.  The court concludes that a hearing would not substantially aid in its determination of these motions.

DISCUSSION

*1.  Motion to Dismiss Counterclaim*

Plaintiff argues that Defendant's Counterclaim should be dismissed because it is no more than a legal conclusion that is unsupported by sufficient factual allegations.  However, the requirements at the pleading stage are *de minimus*.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 104 (1998).  The court would need to determine that Defendant could state no set of facts upon which relief could be granted.  *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Defendant's Counterclaim is for a declaratory judgment of non-infringement and

invalidity. It is clear from the pleadings of the parties that a case or controversy exists with respect to the infringement and the validity of the allegedly infringed patent. While there appears little need for the Counterclaim given Plaintiff's claims and Defendant's affirmative defenses, courts have recognized that there are purposes for raising counterclaims of invalidity in a patent action. *See MRSI Intern., Inc. v. Bluespan, Inc.*, 2006 WL 2711791, at *1 (D. Utah 2006) (citing *Altvater v. Freeman*, 319 U.S. 359, 363 (1943). The court finds no basis for dismissing the Counterclaim. There is also no indication that Plaintiff is prejudiced by the presence of the Counterclaim. Therefore, Plaintiff's motion to dismiss the counterclaim is denied.

*2. Motion to Strike Affirmative Defenses*

Plaintiff moves to strike Defendant's affirmative defenses because they do not adequately contain the facts and necessary elements for each defense. Plaintiff argues that the affirmative defenses are pleadings and, therefore, are subject to all of the pleading requirements of the Federal Rules of Civil Procedure. "A court should proceed with extreme caution in striking a pleading." *Colorado Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932). "Motions to strike are not favored and any doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading." *MRSI Intern., Inc. v. Bluespan, Inc.*, 2006 WL 2711791, at *1 (D. Utah 2006).

The court concludes that the affirmative defenses are sufficiently pleaded. The notice requirements are minimal and further information can be obtained through discovery. The defenses are related to the issues of infringement and validity of the patent and there appears to be a basis for concluding that relief could be gained under a certain set of facts. Therefore, the court declines to dismiss Defendant's affirmative defenses.

### 3. Alternate Motion for More Definite Statement

Similarly, with respect to Plaintiff's alternate motion for a more definite statement, the court concludes that Defendant has pleaded the counterclaim and defenses with sufficient detail. The parties should proceed with discovery. Accordingly, Plaintiff's motion for more definite statement is denied.

### 4. Motion for Sanctions

Defendant has filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, claiming that neither Plaintiff nor Plaintiff's counsel made a reasonably diligent inquiry as to whether any grounds existed for asserting the claims in the Complaint. Defendant's motion is surprising given its failure to file a motion to dismiss in the first instance. However, based on a review of the pleadings in this matter, the court finds that Plaintiff had an adequate basis for bringing the action. Plaintiff contends that Defendant's motion is completely without merit and that it should be awarded its fees in responding to the motion. The court declines to award fees in connection with this motion. However, the court cautions these parties that it will not tolerate any further motions that appear to be brought by either party for the purpose of gamesmanship. The parties should proceed with litigating the merits of the action.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Dismiss Counterclaim, to Strike Affirmative Defenses, and Alternate Motion for a More Definite Statement is DENIED and Defendant's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure

and 28 U.S.C. § 1927 is DENIED.

DATED this 6th day of July, 2007.

_____
DALE A. KIMBALL
United States District Judge